## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANDREA LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-583 JMB |
| | ) |
| BART COOPER BAIL BONDS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Andrea Love, has filed a civil suit and seeks leave to proceed in forma pauperis. After reviewing the financial information provided with the complaint, plaintiff will be granted leave to proceed without payment of the filing fee. Additionally, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who is a citizen of Florida, alleges that Bart Cooper Bail Bonds, a bond company located in Kansas City, Missouri[1], entered into an agreement with her in May of 2015. Plaintiff states that she provided Bart Cooper Bail Bonds with $4,160.00 by credit card in order to "post bail" for her son, Christopher, who had been taken into custody in Grandview, Missouri.[2] Plaintiff alleges that despite having given the amount necessary to Bart Cooper Bail Bonds, her son was not released on bail, and her money was not returned (minus the court fees and the bond processing fees). Plaintiff states that she attempted to elicit the return of the fees on her own, in the amount of a $2,340 refund, but no money was returned to her.

---

[1] Bart Cooper Bail Bonds is an active Missouri Corporation, 100% owned by Bart Cooper, registered to do business in Missouri. Bart Cooper is a citizen of Lee Summit, Missouri.
[2] Grandview, Missouri is located in Jackson, County, Missouri.

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. In order for diversity jurisdiction to exist, a plaintiff must allege in her complaint that the amount in controversy exceeds $75,000 and the matter is between citizens of different states.

The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

It does not appear that diversity jurisdiction exists because the amount in controversy does not exceed $75,000. Plaintiff states that she wishes a refund a mere $2,340, which is a far cry from the $75,000 necessary to maintain this action in federal court.

As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **thirty (30) days from the date of this Memorandum and Order** why this action should not be dismissed.

Dated this   13th   day of February, 2017.

    \s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE