# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-583 JMB |
| | ) | |
| BART COOPER BAIL BONDS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's response to the Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction. After reviewing plaintiff's response and the record before this Court, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

## Background

Plaintiff, who is a citizen of Florida, alleges that Bart Cooper Bail Bonds, a bond company located in Kansas City, Missouri[1], entered into an agreement with her in May of 2015. Plaintiff states that she provided Bart Cooper Bail Bonds with $4,160.00 by credit card in order to "post bail" for her son, Christopher, who had been taken into custody in Grandview, Missouri.[2] Plaintiff alleges that despite having given the amount necessary to Bart Cooper Bail Bonds, her son was not released on bail, and her money was not returned (minus the court fees and the bond processing fees). Plaintiff states that she attempted to elicit the return of the fees on

---

[1] Bart Cooper Bail Bonds is an active Missouri Corporation, 100% owned by Bart Cooper, registered to do business in Missouri. Bart Cooper is a citizen of Lee Summit, Missouri.
[2] Grandview, Missouri is located in Jackson, County, Missouri.

her own, in the amount of a $2,340 refund, but no money was returned to her, despite an agent of Bart Cooper Bail Bonds agreeing that he owed her the money.

## Discussion

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. In order for diversity jurisdiction to exist, a plaintiff must allege in her complaint that the amount in controversy exceeds $75,000 and the matter is between citizens of different states.

Plaintiff admits in her response to the Court that the instant action does not arise under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Instead, she alleges that the matter is simply a contract dispute between two parties as to when and how funds would be returned if Bart Cooper Bail Bonds was not able to attain bond on her son's behalf.[3] A mere contract action between two parties where the amount in controversy is not alleged to be more than $75,000 does not rise to the level of federal court jurisdiction.[4] *See* 28 U.S.C. § 1332.

As a result, the Court must dismiss this action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P.12(h)(3).

Accordingly,

---

[3]Plaintiff states in her complaint that she wishes a refund of a mere $2,340, which is a far cry from the $75,000 necessary to maintain this action in federal court.

[4]Although the Court has noted that the parties are most likely citizens of different states, plaintiff, herself, has not alleged this in her complaint.

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  17th  day of March, 2017.

\s\ Jean C. Hamilton
JEAN H. HAMILTON
UNITED STATES DISTRICT JUDGE